IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| NICHO MARTINEZ | § | |
| v. | § | CIVIL ACTION NO. 5:02cv262 |
| MELVIN JONES, ET AL. | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Plaintiff Nicho Martinez, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Martinez alleged that on April 5, 2002, Officer Melvin Jones assaulted him with excessive force, including grasping him by the back of the neck and punching him in the mouth with no justification. He also claimed that Jones fabricated a disciplinary case against him.

All of the Defendants except for Jones were dismissed from the lawsuit on March 21, 2003. On July 15, 2004, the Magistrate Judge entered a scheduling order setting out deadlines for the parties. On December 10, 2004, Jones filed a motion for extension of time to file a dispositive motion, which was granted. Jones' motion for summary judgment was filed that same day.

The motion for summary judgment argued that the injuries suffered by Martinez were *de minimis* and thus were not of constitutional dimensions, as explained by the Supreme Court in <u>Hudson v. McMillian</u>, 112 S.Ct. 995, 999 (1992). Martinez was given until February 11, 2005, in which to file a response to the motion for summary judgment, but he did not do so.

On March 9, 2005, the Magistrate Judge issued a Report recommending that Jones' motion for summary judgment be granted and that the lawsuit be dismissed. The Magistrate Judge reviewed the competent and undisputed summary judgment evidence and ascertained that the only injury which Martinez suffered as a result of the incident forming the basis of this lawsuit was an abrasion on his lip, for which the only treatment necessary was a salt-water rinse. The Magistrate Judge properly determined that this injury was *de minimis* and thus excluded from constitutional protection, and that the use of force was not of a type repugnant to the conscience of mankind. Hence, the Magistrate Judge determined that the motion for summary judgment was correct and should be granted, and that the lawsuit be dismissed.

Martinez received a copy of this Report on March 11, 2005, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. <u>Douglass v. United Services Automobile Association</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge and has determined that this Report is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the Defendant's motion for summary judgment is GRANTED and the above-styled lawsuit be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**SIGNED this 11th day of May, 2005.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE